UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERRY A. WARD,

        Plaintiff,

   v.

EHW CONSTRUCTORS, et al.,

        Defendants.

CASE NO. C15-5338 BHS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Perry Ward's ("Plaintiff") motion to compel discovery. Dkt. 84. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. BACKGROUND**

On May 21, 2015, Plaintiff filed a complaint against EHW Constructors, a joint venture comprised of American Bridge Company, Nova Group Inc., and Skanska USA Civil Southeast, Inc. ("Defendants") in rem and in personam for personal injury. Dkt. 1. On June 22, 2015, Plaintiff filed an amended complaint alleging that Defendants have failed to pay mandatory maritime benefits. Dkt. 12.

On February 5, 2016, Plaintiff sent a discovery request to Defendants. Dkt. 83-1. On March 7, 2016, Defendants served a response to the request. Dkt. 83-2. Defendants' response contained numerous objections and omissions. *Id.* On March 16, Plaintiff's counsel sent a letter to Defendants' counsel regarding deficiencies in the response. Dkt. 83-3. In the letter, Plaintiff's counsel requested a discovery conference on March 18, 2016. *Id.* On March 17, 2016, Defendants' counsel responded by letter, addressing many of the concerns of Plaintiff's counsel. Dkt. 83-4. Defendants' counsel explained in his letter that a March 18, 2016 discovery conference was not possible, but offered four alternative dates on March 22, March 25, April 1, or April 7. *Id.* Plaintiff's counsel does not appear to have responded in order to request or confirm a conference on one of those dates.

On July 15, 2016, Plaintiff's counsel again contacted Defendants' counsel to request a discovery conference. Dkt. 83-5. On July 26, 2016, the parties held a telephonic discovery conference. Dkt. 83. The parties agreed that supplementation to Defendants' initial response was necessary, including a privilege log. Dkt. 83. On August 5, 2016, Defendants provided a privilege log. Dkts. 85, 85-1. On August 22, 2016, Defendants supplemented their discovery response. Dkts. 85, 85-2.

On August 22, 2016, Plaintiff filed the present motion to compel. Dkt. 84. Therein, Plaintiff sought to compel numerous disclosures, noted that the privilege log contained a broad and insufficient assertion of privilege, and argued that Defendants' conduct should result in a waiver of all claims of privilege. *Id.* On August 29, 2016, the parties held a telephonic conference before the Court. Dkt. 96. The Court made

observations regarding Plaintiff's present motion to compel and his concurrent motion to continue. *Id.*; Dkt. 80. The Court granted Plaintiff's motion to continue in part and denied it in part. Dkt. 96. The Court reserved ruling on the motion to compel.

On September 2, 2016, Defendants filed their response, provided Plaintiff with additional discovery, and supplemented their privilege log. Dkt. 97; Dkt. 100 at 4. On September 7 and 8, 2016, Defendants turned over additional discovery related to Plaintiff's requests. Dkt. 100 at 3. On September 8, 2016, the parties agreed on a plan of action to bring Defendants into compliance with Plaintiff's request. Dkt. 100 at 4–5; Dkt. 100-3. On September 9, 2016, Defendants again supplemented their privilege log. Dkt. 100 at 4; Dkt. 101-1.

On September 9, 2016, Plaintiff filed his reply, withdrawing his requests that the Court find a blanket waiver of privilege and compel specific disclosures. Dkt. 99. The sole issue remaining is Plaintiff's argument that Defendants waived any privileges related to the claims file maintained by Defendants' insurer and agent, Zurich Insurance Co. Dkt. 99.

## II. DISCUSSION

Plaintiff argues that Defendants unduly delayed their production of an adequate privilege log. Dkt. 84 at 6–8. He further contends that this delay should result in a waiver of any of Defendants' privileges related to the claims file.[1] *Id.*; Dkt. 99 at 4–6.

---

[1] In his motion to compel, Plaintiff also argued that "the majority of the claims file was presumably prepared in the ordinary course of business . . . [and] the Court should perform an in camera review to determine what information in the claims file is subject to privilege, if any."

The Ninth Circuit has "reject[ed] a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, the Court must engage in a "case-by-case determination" based on the factors below:

> [1] the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); [2] the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); [3] the magnitude of the document production; and [4] other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Id.* at 1149.

**A.     Factor One**

The Court notes that Defendants' initial response to Plaintiff's discovery request consisted of a boilerplate assertion of privilege, unaccompanied by a privilege log or any other information helpful to evaluate the assertion of privilege. Dkt. 83-2 at 20. Additionally, when Defendants first produced their privilege log, it contained only a blanket objection regarding the entirety of the claims file and included no other helpful

---

Dkt. 84 at 13. However, after successfully resolving the majority of this discovery dispute without the Court's intervention, Plaintiff has withdrawn his motion to compel in regards to Request for Production No. 24. Therefore, the Court need not address at this time whether any of the communications contained in the claims file are indeed privileged.

ORDER - 4

information to evaluate the objection. Dkt. 85-1. On September 9, 2016, Defendants provided a complete and satisfactory privilege log.[2] Dkt. 100 at 4; Dkt. 101-1.

**B.    Factor Two**

When Defendants first produced a privilege log on August 5, 2016, approximately five months had passed since Plaintiff made his initial discovery request. Dkts. 85, 85-1. The Court also notes that in March 2016, Defendants' counsel made four dates available to hold a discovery conference and resolve any of Plaintiff's outstanding concerns. Dkt. 83-4. It appears that Plaintiff failed to respond or otherwise diligently pursue the matter until his counsel again contacted Defendants on July 15, 2016 to schedule a telephonic discovery conference for July 26, 2016.

Defendants' initial failure to produce a privilege log appears to be inadvertent. Dkt. 97 at 6–7. Still, after Plaintiff reasserted his concerns over Defendants' inadequate discovery response during the July 26 telephonic conference, it took Defendants until September 9, 2016, (approximately six weeks) to produce a complete and satisfactory privilege log. Dkt. 100 at 4; Dkt. 101-1.

**C.    Factors Three and Four**

The parties have not addressed the magnitude of document production associated with Plaintiff's discovery request. Also, although Plaintiff has argued that Defendants are "a sophisticated corporate litigant," the parties have not otherwise addressed any factors

---

[2] Defendants argue that "an appropriate privilege log was provided on August 5." Dkt. 97 6–7. However, that privilege log raised a blanket objection of "Attorney-client privilege, work-product doctrine, and created in anticipation of litigation" to the "entire file of claims adjuster Cynthia Schmidt." Dkt. 85-1 at 2. Such "boilerplate objections are presumptively insufficient" to constitute an appropriate privilege log. *Burlington N.*, 408 F.3d at 1149.

associated with this litigation that would make responding to Plaintiff's request unusually easy or onerous.

**D.     Conclusion**

Based on the foregoing factors, the Court concludes that Defendants have not waived privilege in regards to the documents contained in the claims file, insomuch as such privilege may exist. While Defendants' conduct in responding to Plaintiff's discovery request fell below the standards expected by the Federal Rules of Civil Procedure, it appears that both parties have failed to diligently pursue discovery and respond to opposing counsel's discovery or communications. This lack of diligence has been reflected in Plaintiff's motion to continue (Dkt. 80) and the parties' related telephonic conference with the Court (Dkt. 96). Accordingly, the Court denies Plaintiff's motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion to compel (Dkt. 84) is **DENIED**.

Dated this 28th day of September, 2016.

BENJAMIN H. SETTLE
United States District Judge